OPINION
Appellant Connie Wolf appeals the decision of the Court of Common Pleas, Ashland County, denying her motion to vacate a prior judgment entry in a workers compensation action. The appellee is Associated Materials, Inc., appellant's former employer. The relevant facts leading to this appeal are as follows.
On June 10, 1999, appellant was allegedly injured while in the employ of Premium Building, Inc., under whose assigned risk number appellee operated. After exhausting her administrative workers compensation remedies, appellant filed a notice of appeal and complaint in the trial court on November 2, 1999. The complaint, as filed, listed three defendants: Hedstrom Corporation, Appellee Associated Materials, Inc. ("AMI"), and James Conrad, Administrator, Bureau of Workers Compensation. However, the body of the complaint made no mention of appellee; instead, it contained allegations against Hedstrom, for whom appellant had not worked since 1996.
On November 17, 1999, appellee filed a motion to dismiss for failure to state a claim against AMI. Appellee also challenged jurisdiction, asserting that AMI maintained no operations or work sites in Ashland County. On November 22, 1999, the trial court granted the motion to dismiss appellee. On December 6, 1999, Hedstrom filed a motion for extension of time in which to respond to appellant's complaint, alleging that appellant left employment with Hedstrom in August, 1996, and that the pending lawsuit was the first knowledge it had received regarding the claim. On December 16, 1999 appellant filed a motion for leave to file an amended complaint. The trial court denied appellant's motion to amend on December 22, 1999.
On January 6, 2000, plaintiff filed a motion for relief from said judgment pursuant to Civ.R. 60(B), again asking the court to allow AMI to be reinstated as a defendant. After allowing both sides to submit briefs on the issue, the court considered the motion for relief from judgment in a "non-oral hearing," and issued a judgment entry overruling the motion on January 28, 2000. The trial court specifically ruled therein that "in this case the importance of finality of judgments overrides any equitable arguments cited by Plaintiff-Appellant." Judgment Entry, January 28, 2000, at 1.
In the meantime, on December 3, 1999, the Bureau of Workers Compensation ("BWC") filed its answer to appellant's complaint. Further, on January 13, 2000, counsel for appellant and Hedstrom jointly approved and filed a stipulation of dismissal with prejudice regarding any claims against Hedstrom.
On February 9, 2000, appellant filed her notice of appeal of the trial court's judgment entry of January 28, 2000. She herein raises the following two Assignments of Error:
 I. THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S REQUEST FOR RELIEF FROM JUDGMENT UNDER OHIO CIVIL RULE 60 (B).
 II. THE COURT OF COMMON PLEAS ERRED IN DENYING APPELLANT'S REQUEST FOR A RECORD HEARING FOR RELIEF FROM JUDGMENT UNDER OHIO CIVIL RULE 60(B).
 I and II
Before reaching the potential merits of appellant's arguments, it is necessary that we consider the appealability of the trial court's denial of the motion for relief from judgment. Ordinarily, a grant or denial of a genuine Civ.R. 60(B) motion is a final appealable order. Consolidated Rail Corp. v. ForestCartage Co.(1990), 68 Ohio App.3d 333, 341, citing GTE AutomaticElectric v. ARC Industries (1985), 47 Ohio St.2d 146.
However, this rule presumes that the underlying order under challenge by a movant's Civ.R. 60(B) motion is, itself, a final appealable order. As succinctly noted by the Second District Court of Appeals, a movant cannot be permitted to use a Civ.R. 60(B) motion to turn "an unappealable event into an appealable event." Christian v. McFarland (June 20, 1997), Montgomery App. No. 15984, unreported, at 2. The court continued:
 Otherwise, any order of a trial court that is not a final, appealable order could be converted into a final appealable order by the simple expedient of moving, unsuccessfully, for relief from that order. In our view, the denial of relief from a non-final order is, itself, not a final appealable order. Id.
In the case sub judice, appellant moved for relief from the trial court's December 22, 1999 denial of appellant's motion to amend the complaint. The trial court's said December 22, 1999 judgment entry does not include any of the language of Civ.R. 54(B), which reads as follows:
 When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
On December 22, 1999, Hedstrom remained a defendant in the action, along with BWC. Thus, not all claims had yet been adjudicated at the time the trial court denied appellant's attempt to re-introduce AMI to the action. The trial court's denial of the motion to amend was therefore in the nature of an interlocutory order, despite the court's later decision to rule on the Civ.R. 60(B) motion, which is generally, by the terms of the Civil Rules, reserved for final orders or judgments. See, e.g.,Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77,78; Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 532.
Therefore, we hold that the judgment entry of January 28, 2000, which overruled appellant's attempt to obtain relief from a non-final order, is itself not a final appealable order. This Court lacks jurisdiction to address this appeal until such time as the trial court enters a final judgment or order of dismissal. See Cincinnati Gas Elec. Co. v. Pope (1978), 54 Ohio St.2d 12,19. The present appeal is hereby dismissed under the unusual procedural circumstances of this case.
By: Wise, J., Farmer, P.J., and, Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed.