

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-19-2002

# Coles v. Street

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3637

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Coles v. Street" (2002). *2002 Decisions.* Paper 417.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/417

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-3637
_____

MATTIE COLES; NANNIE CHAINEY; CARRIE FOSKEY; LEROY HAMPTON;
AMANDA DORSEY; LUCRETIA WILSON; ERNESTINE M. RICE; CHARLES
STEWART; SHARON STEWART, H/W; MARY A. JACKSON; VIRGINIA COX;
CASSANDRA CARTER; GERALD RENFROW; CONSTANCE RENFROW, H/W;
ALBERT F. CAMPBELL, Jr.; TERESA G. CAMPBELL, H/W; MILTON
WILLIAMS; SHERRY WILLIAMS, H/W; FRANK LEWIS; EVA LEWIS, H/W;
THOMAS MAPP; BETTY MAPP, H/W; BARDIAN PAYNE; MILTON GARRETT;
SAMUEL MATTAWAY; YVETTE MATTAWAY, H/W; HAZEL TAYLOR;
ROBERT
FORD; GWEN FORD, H/W; KERMIT BOSTIC; JERRY BOSTIC, H/W;
ANN LEE; TRINA MCLAINE; LYNNE JOHNSON; OLAITAN ODENIYI;
ADEOLA ODENIYI, H/W,

Appellants

v.

JOHN F. STREET, MAYOR OF THE CITY OF PHILADELPHIA;
EDWARD J. MCLAUGHLIN, COMMISSIONER OF PHILADELPHIA
DEPARTMENT OF LICENSES AND INSPECTION;
HERBERT E. WETZEL, EXECUTIVE DIRECTOR OF THE
REDEVELOPMENT AUTHORITY OF THE CITY OF
PHILADELPHIA; THE REDEVELOPMENT AUTHORITY OF THE
CITY OF PHILADELPHIA; DEPARTMENT OF LICENSES AND
INSPECTIONS OF THE CITY OF PHILADELPHIA;
CITY OF PHILADELPHIA

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-06521)
District Judge: Honorable J. Curtis Joyner

Submitted Under Third Circuit LAR 34.1(a)
on June 10, 2002

Before:SLOVITER, ROTH
and MCKEE  Circuit Judges

(Opinion filed July 18, 2002)

O P I N I O N

ROTH, Circuit Judge

Plaintiffs appeal the District Court's decision to abstain from exercising jurisdiction over their claims. Plaintiffs are a group of Philadelphia residents who reached settlement with the City to reconstruct their homes following a 1985 warlike showdown between law enforcement and the MOVE organization. The group claims that in an effort to avoid contractual obligations of maintenance and repair arising out of the settlement, the City concocted an illegitimate basis for and used the threat of eminent domain proceedings to force the group to accept $150,000 per home as compensation. Thereby, the City would circumvent any further obligation under the settlement. Plaintiffs claim that the City's actions violate due process and the City's obligation to follow policy under 42 U.S.C. 1983 and that the City's actions also amount to a breach of contract and civil conspiracy under state law.

On appeal, the group argues that the District Court improperly exercised abstention on the following bases: (1) the appellants' claims do not arise from eminent domain issues, (2) the District Court is unable to abstain where no state court action is pending, (3) the state courts are unable to rule on the appellants' constitutional claims, and (4) Supreme Court precedent precludes abstention. We have appellate jurisdiction because the District Court entered a final order dismissing the case. Review of the underlying legal principles of abstention is plenary, while the District Court's decision to abstain is reviewed for abuse of discretion. Hosp. Council of W. Pa. v. City of Pittsburgh, 949 F.2d 83, 90 n.4 (3rd Cir. 1991). Here, we find no abuse of discretion.

First, the appellants' claims clearly arise out of eminent domain issues. Despite the lack of an official eminent domain proceeding, the City's preliminary steps to condemn the reconstructed homes pursuant to eminent domain powers give rise to these claims. Therefore, based on the principle of comity, the District Court correctly determined that the claims belong in state, not federal, court. See Chiropractic America v. Lavecchia, 180 F.3d 99, 103 (3rd Cir.), cert. denied, 528 U.S. 930 (1999) (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 n.9 (1987)). Under questions of state law concerning a state's desire to establish a coherent policy with respect to a matter of substantial public concern, such as eminent domain, abstention is proper. Burford v. Sun Oil Co., 319 U.S. 315 (1943). Here, the District Court abstained to avoid disrupting Pennsylvania's efforts to establish a coherent policy for condemnation of property in accord with the state Eminent Domain Code.

Second, the lack of a pending state court action creates no preclusion of abstention. Eddystone Equipment and Rental Corp. v. Redevelopment Authority of the County of Delaware, 1988 WL 52082 at *1 (E.D. Pa. May 17, 1988), aff'd, 862 F.2d 307 (3rd Cir. 1988). Rather, abstention is appropriate because state review is available.

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar'; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 361 (1989) ("NOPSI") (quoting Colorado River Water Conservation District v. United States, 424 U.S. 800, 814 (1976)). Essentially, federal review of these claims would disrupt state efforts to establish a coherent policy under the administrative procedure the state has established to address this local question. Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 186 (1985).

Third, the state courts are fully able to adjudicate and remedy constitutional claims. See Frempong-Atuahene v. Redevelopment Authority of the City of Philadelphia, 1999 WL 167726 (E.D. Pa. Mar. 25, 1999), aff'd, 211 F.3d 1261 (3d Cir. 2000). Accordingly, there is no reason to believe that the state courts would not have fairly adjudicated those claims had the appellants' pursued their lawsuit in state court.

Finally, Supreme Court precedent established in Quackenbush v. All-State Insurance Co., 517 U.S. 706 (1996), is distinguishable from and not applicable to this case. Plaintiffs assert that application of Quackenbush permits the District Court to stay

proceedings but does not permit dismissal of the case.  However, the holding in Quackenbush is limited to actions seeking common-law damages that are in federal court by way of diversity jurisdiction.  Id. at 719-22.   It does not apply to the current action seeking statutory damages in federal court by way of federal question jurisdiction.

We will, therefore, affirm the order of the District Court, dismissing this case.


TO THE CLERK:

Please file the foregoing Opinion.



By the Court,



/s/ Jane R. Roth
 Circuit Judge