**CALHOUN REALTY INC.,
et al., Plaintiffs,**

v.

**CITY OF CINCINNATI,
et al., Defendants.**

No. 1:03–CV–00198.

United States District Court,
S.D. Ohio,
Western Division.

Oct. 16, 2003.

Matthew W. Fellerhoff, Robert Edward Manley, Manley, Burke, Lipton & Cook, Cincinnati, OH, for Plaintiffs.

Geri H. Geiler, Cincinnati, OH, for Defendants.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on Defendants' Motion to Dismiss (doc. 3), Plaintiffs' Response in Opposition (doc. 6), Defendants' Reply (doc. 7), Defendants' Amended Motion to Dismiss (doc. 10), Plaintiffs' Response (doc. 11), and Defendants' Reply (doc. 12). Also before the Court is Defendants' Motion for a Protective Order (doc. 12), Plaintiffs' Response in Opposition (doc. 13), and Defendants' Reply (doc. 14).

Plaintiffs in this case either own commercial property or operate businesses in the Clifton Heights area of Cincinnati, Ohio (doc. 1). In June of 2001, the Cincinnati City Council passed Ordinance 175–2001, adopting an urban renewal plan, as well as a blight study prepared by the City's Department of Transportation and Engineering (doc. 3). Defendants have identified Plaintiffs' properties as blighted, and intend to appropriate Plaintiffs' property as a part of the urban renewal plan (*Id.*). Plaintiffs seek a declaratory judgment that the threatened taking constitutes an unlawful violation of their civil rights and an injunction to prevent such taking as in violation of the Fifth and Fourteenth Amendments, 42 U.S.C. § 1983, and the law of eminent domain (doc. 1).

On July 3, 2003, the Court held a preliminary pretrial conference in this matter (doc. 5). At such conference, the Court discussed with the parties the Defendants' pending Motion to Dismiss (doc. 3), and queried the parties as to the applicability of the abstention doctrine set forth in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). As a result of such discussion, the Court ordered supplemental briefing on the issue of *Younger* Abstention (doc. 8). The parties have completed such briefing, and the matter is now ripe for the Court's review.

The *Younger* doctrine is properly applied and a federal court should abstain where the following elements are met, 1) there is an ongoing state proceeding or state review is available,[1] 2) the state proceeding implicates an important government interest, and 3) there is an adequate opportunity in the state proceedings for the plaintiffs to raise federal constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n.,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Defendants argue that this case is barred from this Court's review by *Younger,* as it involves important state law matters and state review is available which provides Plaintiffs an adequate opportunity to raise any federal law claims (doc. 10). Defen-

---

1. *Coles v. City of Philadelphia,* 38 Fed.Appx. 829 (3rd Cir.2002)(applying doctrine to a case with state eminent domain issues but where state litigation was not actually pending).

dants, citing *Stockler v. City of Detroit*, 936 F.2d 573 (6th Cir.1991), *Duty Free Shop, Inc. v. Administracion De Terrenos De Puerto Rico*, 889 F.2d 1181, 1182 (1st Cir.1989) *citing e.g., Ahrensfeld v. Stephens*, 528 F.2d 193, 198–99 (7th Cir.1975),posit lower courts have held unanimously, since 1975, that important state interests are involved in eminent domain proceedings (*Id.*). Defendants further posit the Sixth Circuit has conclusively ruled in *Stockler*, 936 F.2d 573, that the state courts, having general jurisdiction, are capable of hearing federal claims as well as state claims (doc. 15).

Plaintiffs respond that the blight study was fraudulent and groundless, and *Younger* does not apply if there is a showing of bad faith, harassment, or some other extraordinary circumstance (doc. 11)(*citing Middlesex*, 457 U.S. 423, 435, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)). Plaintiffs argue that Defendants only recently filed appropriation proceedings against them, shortly after this Court ordered briefing on the applicability of *Younger* (*Id.*). Plaintiffs further argue that the state courts do not provide an adequate forum for the unique property claims raised in their Complaint (*Id.*). Plaintiffs argue essentially that Ohio state law inadequately protects their rights, because they would not have the right to an immediate appeal on the issue of whether the condemning authority has a right to take the property (*Id.*). As such, Plaintiffs argue, the condemning authority has a right to take possession of the property, oust the tenants, and begin demolition, without effective appellate review of the constitutionality of the condemning authority's behavior in allegedly misusing eminent domain (*Id.*). Secondly, Plaintiffs argue that the eminent domain proceedings will not allow them to obtain an "injunction to prevent the City from continuing to vandalize" the neighborhood (*Id.*). Finally, Plaintiffs argue that the claims at issue in their Complaint raise constitutional issues distinct from the issue of state law eminent domain (*Id.*).

Defendants reply the Ohio Supreme Court ruled in *Cincinnati Gas & Electric Co. v. Pope*, 54 Ohio St.2d 12, 374 N.E.2d 406 (1978) that the post-deprivation appeal process in Ohio law is constitutional (doc. 15). Defendants argue that Plaintiffs' Complaint ultimately seeks to stop the appropriation of their properties, and that Ohio Revised Code § 163.09(B) provides for a post-deprivation hearing to consider "any of the matters relating to the right to make the appropriation" (*Id.*). Defendants contend that Plaintiffs make no attempt to explain that the blight study was fraudulent or how it misrepresented the condition of the neighborhood (*Id.*).

Having reviewed this matter, the Court finds Defendants' position well-taken. The issues presented in this case all fall well within the purview of state court review. In fact, eminent domain proceedings fall squarely within the province of state court jurisdiction, as they involve important state law matters. The Court finds all of Plaintiffs' concerns, including federal law claims, can be adequately addressed in the Ohio court system, and that it is therefore appropriate for the Court, under the *Younger* doctrine, to abstain from reviewing this matter.

Accordingly, the Court ABSTAINS from deciding this matter and DISMISSES this case without prejudice.

SO ORDERED.