[Cite as *State v. Williams*, 2013-Ohio-3481.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0034** |
| DONALD P. WILLIAMS, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2010 CR 600.

Judgment: Appeal dismissed.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Donald P. Williams, Jr.*, pro se, PID: A630791, Lake Erie Correctional Institution, P.O. Box 8000, Conneaut, OH  44030 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} This matter is before this court on the pro se motion of appellant, Donald P. Williams, Jr., to file a delayed appeal pursuant to App.R. 5(A).  Appellant filed this motion, along with a notice of appeal, on March 27, 2013.  Appellee, the state of Ohio, filed a response in opposition on April 4, 2013, and appellant filed a pro se reply on April 22, 2013.

{¶2} On February 17, 2012, appellant entered a plea of guilty to aggravated vehicular homicide, aggravated vehicular assault, vehicular assault, and possession of drugs. On June 27, 2012, the Trumbull County Court of Common Pleas sentenced appellant to serve 16 years in prison and suspended appellant's driver's license for his lifetime. The sentencing entry was docketed on July 11, 2012. It is from this entry appellant now seeks leave to appeal; thus, it is untimely by over seven months.

{¶3} App R. 5(A) provides, in relevant part:

{¶4} (1)(a) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, *an appeal may be taken by a defendant with leave of the court* to which the appeal is taken in * * * [c]riminal proceedings * * *.

{¶5} (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal *in the form prescribed by App.R. 3* and shall file a copy of the notice of the appeal in the court of appeals. (Emphasis added.)

{¶6} At the outset, we note appellant has failed to comply with App.R. 3(D), which states that "the notice of appeal * * * shall designate the judgment, order or part thereof appealed from[.]" Appellant did not attach a judgment entry to his notice of appeal or otherwise provide a copy to this court. His notice of appeal states nothing more than that he "hereby appeals * * * from the judgment of conviction entered in this

2

action on June, 2012." (sic.) There is, in fact, no judgment of conviction entered on the trial court's docket in "June, 2012." However, appellant did appear before the court on June 27, 2012, for a sentencing hearing; the entry on sentence was subsequently docketed on July 11, 2012.

{¶7} Appellant's main assertion for failing to file a timely appeal is that his trial counsel advised him an appeal would not be filed because "there [was] nothing to appeal." Appellant further indicates he would have filed an appeal had he known of his right to do so despite his plea of guilty. Although appellant's argument implies he is attempting to appeal his guilty plea, entered over one year prior to his notice of appeal, we note this was not a final, appealable order until the entry on sentence. A "judgment of conviction is composed of two essential elements: the adjudication of guilt and the sentence." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, ¶26. Thus, taken from the date of the entry on sentence, appellant's appeal of March 27, 2013, is untimely by over seven months.

{¶8} Nevertheless, given the length of time of over seven months that has passed from the time of appellant's sentence until the filing of his motion for delayed appeal, it is evident that appellant was not diligent in taking the proper steps to protect his rights. His assertion that he was unaware of his right to appeal is in direct contravention to the guilty plea he signed, which indicates he was advised of his right to appeal "the imposition of a maximum sentence or other procedural issues regarding this plea[,] * * * other limited appellate rights that have been explained to me by the Court, and that I must file an appeal within thirty (30) days of my sentence."

**{¶9}** As such, we find appellant has neither satisfied the requirement of filing a proper notice of appeal nor has he provided this court, as required by App.R. 5(A), with reasons to adequately justify waiting over seven months to initiate a direct appeal. Appellant's motion for leave to file a delayed appeal is hereby overruled.

**{¶10}** Appeal dismissed.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEN MARY O'TOOLE, J., dissents.

4