[Cite as *State v. Johnson*, 2014-Ohio-2015.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2013-T-0121** |
| FREDERICK D. JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2010 CR 00061.

Judgment: Appeal dismissed.


*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Frederick D. Johnson*, pro se, PID: A602989, Ross Correctional Institution, P.O. Box 7010, Chillicothe, OH 45601 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1} This matter is before this court on the pro se motion of Frederick D. Johnson for "leave of court pursuant to R.Civ.Proc. 6(B)." In his motion, Johnson requests this court to grant him leave to file a delayed appeal pursuant to App.R. 5(A). Johnson filed this motion, along with a notice of appeal, on December 16, 2013. The state of Ohio filed a response in opposition on December 19, 2013.

{¶2} Johnson was found guilty of a five-count indictment. The indictment charged Johnson with possession of cocaine with firearm and forfeiture specifications; possession of heroin with firearm, forfeiture, and major drug offender specifications; tampering with evidence; having weapons while under disability; and failure to comply with the order or signal of a police officer. Johnson was sentenced to an aggregate term of 32 years in prison. This court, in *State v. Johnson*, affirmed the judgment of the trial court. 11th Dist. Trumbull No. 2011-T-0075, 2012-Ohio-3035. Thereafter, Johnson filed a pro se "Petition to Have the Conviction Vacated Pursuant to R.C. 2945.75(A)(2)," which was denied by the trial court on January 22, 2013. It is from this entry Johnson now seeks leave to appeal; thus, it is untimely by nearly eleven months.

{¶3} App R. 5(A) provides, in relevant part and emphasis added:

(1)(a) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, *an appeal may be taken by a defendant with leave of the court* to which the appeal is taken in * * * [c]riminal proceedings * * *.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal *in the form prescribed by App.R. 3* and shall file a copy of the notice of the appeal in the court of appeals.

{¶4} At the outset, we note Johnson has failed to comply with Loc.R. 3(D)(3) which states the following: "The appellant shall attach to the Notice of Appeal, a copy of the judgment entry or entries being appealed. Appellant's failure to attach a copy of the judgment entry or entries may result in the dismissal of the appeal sua sponte and without notice." Johnson did not attach a judgment entry to his notice of appeal or otherwise provide a copy to this court.

{¶5} Johnson cites to events beyond his control, "inter alia, lock downs due to gang fighting and fog counts and the Library being closed due to no Librarian" for his failure to perfect his appeal. However, given the length of time of nearly eleven months that has passed from the time of the trial court's January 22, 2013 judgment until the filing of his motion for delayed appeal, it is evident that Johnson was not diligent in taking the proper steps to protect his rights.

{¶6} As such, we find Johnson has neither satisfied the requirement of filing a proper notice of appeal nor has he provided this court, as required by App.R. 5(A), with reasons to adequately justify waiting nearly eleven months to initiate a direct appeal. Johnson's motion for leave to file a delayed appeal is hereby overruled.

{¶7} Appeal dismissed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.

3