[Cite as *State v. Solomon*, 2018-Ohio-3965.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0057** |
| IZAIAH J. SOLOMON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2014 CR 00650.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Richard E. Hackerd,* 231 South Chestnut Street, Ravenna, OH 44266-3023 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Izaiah J. Solomon, by and through counsel, filed a motion for leave to file a delayed appeal, pursuant to App.R. 5(A), with this court on July 31, 2018. On the same date, appellant filed a notice of appeal in the trial court.

{¶2} Appellant appeals the trial court's December 17, 2014 judgment convicting him of aggravated robbery, a felony of the first degree, and sentencing him to

community control sanctions after he entered a plea of guilty.  The notice also indicates that appellant appeals the bindover from juvenile court.

{¶3}  A timely appeal of the December 17, 2014 entry was due no later than January 16, 2015, which was not a holiday or a weekend.  Thus, the appeal is untimely by over three years and six months.

{¶4}  No brief or response in opposition to the motion for delayed appeal has been filed.

{¶5}  App.R. 4(A)(1) states in relevant part:

{¶6}  "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7}  App.R. 5(A) provides:

{¶8}  "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9}  "(a) Criminal proceedings;

{¶10}  "(b) Delinquency proceedings; and

{¶11}  "(c) Serious youthful offender proceedings.

{¶12}  "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right.  Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} As reasons for his delay in filing a direct appeal, appellant indicates that he was not "accurately or fully informed of his appeal rights by the trial court at the time of his plea." He contends that the trial court "incorrectly advised [him] that his right to appeal was waived by the plea." Further, he asserts he was not informed of his right to appeal errors relating to the bindover.

{¶14} The precedent of this court is that the reason for failing to perfect an appeal as of right must be valid—i.e., the reason for delay must justify the length of time it took to initiate an appeal. *See, e.g., State v. Johnson*, 11th Dist. Trumbull No. 2013-T-0121, 2014-Ohio-2015, ¶ 6; *State v. Williams*, 11th Dist. Trumbull No. 2013-T-0034, 2013-Ohio-3481, ¶ 9.

{¶15} The reasons set forth in appellant's motion do not justify a three and one-half year delay in filing an appeal of his conviction and sentence.

{¶16} Appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶17} Appeal dismissed.

THOMAS R. WRIGHT, P.J.,

DIANE V. GRENDELL, J.,

concur.

3