The Cincinnati Gas & Electric Company et al., Appellees, *v.* Pope et al., Appellants.

(No. 77-695—Decided April 5, 1978.)

*Messrs. Beirne & Wirthlin, Mr. C. R. Beirne* and *Mr. Michael A. Fulton,* for appellees.

*Mr. Robert E. Manley, Mr. Joseph R. Jordan* and *Mr. Timothy A. Fischer,* for appellants.

CELEBREZZE, J. The sole question presented for our determination is whether a Court of Appeals has jurisdiction to review a lower court's order, entered pursuant to R. C. 163.09(B), in favor of an appropriating agency on one or more of the preliminary issues relative to appropriation, *i. e.,* the condemnor's right to make an appropriation, the inability of the owners and the condemnor to agree upon monetary compensation, and the necessity for a particular appropriation.

R. C. 163.09(B) provides as follows:

"When an answer is filed pursuant to section 163.08 of the Revised Code, and any of the matters relating to the right to make the appropriation, the inability of the parties

to agree, or the necessity for the appropriation are specifically denied in the manner provided in such section, the court shall set a day, not less than five nor more than fifteen days from the date the answer was filed to hear such questions. Upon such questions, the burden of proof is upon the owner. A resolution or ordinance of the governing or controlling body, council, or board of the agency declaring the necessity for the appropriation shall be prima-facie evidence of such necessity in the absence of proof showing an abuse of discretion by the agency in determining such necessity. If as to any or all the property or other interests sought to be appropriated, the court determines the questions in favor of the agency, the court shall set a time for the assessment of compensation by the jury within twenty days from the date of the journalization of such determination. *An order of the court in favor of the agency on any of such questions or on qualification under section 163.06 of the Revised Code, shall not be a final order for purposes of appeal. An order of the court against the agency on any of such questions, or on the question of qualification under section 163.06 of the Revised Code, shall be a final order for purposes of appeal.* If a public agency has taken possession prior to such order and such order, after any appeal, is against the agency on any of such questions, the agency shall restore the property to the owner in its original condition or respond in damages, which may include the items set forth in division (B) of section 163.21 of the Revised Code, recoverable by civil action, to which the state consents." (Emphasis added.)

The foregoing statute expresses a legislative resolution that the trial court's order in favor of the appropriating agency is not immediately appealable by the property owner, whereas the trial court's order against the agency is a final order which the agency may appeal.

Appellants contend that the General Assembly may not limit or abridge the power or the right of appellate courts to review judgments of the Courts of Common Pleas, and that any such legislative attempt is unconstitutional and

void. We disagree. The appellate jurisdiction of the Courts of Appeals is set forth in Section 3(B)(2), Article IV of the Ohio Constitution, as follows:

"Courts of appeals shall have such jurisdiction *as may be provided by law* to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district and shall have such appellate jurisdiction as may be provided by law to review and affirm, modify, or reverse final orders or actions of administrative officers or agencies." (Emphasis added.)

The above section of the Constitution was adopted on May 7, 1968, and its provisions are closely analogous to the amended version of former Section 6, Article IV of the Ohio Constitution. However, when originally enacted, Section 6 of Article IV read as follows:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record within the district as may be provided by law. * * *"

On January 1, 1945, the following amendment became effective:

"The courts of appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and *such jurisdiction as may be provided by law* to review, affirm, modify, *set aside*, or reverse judgments *or final orders of boards, commissions, officers, or tribunals*, and *of* courts of record *inferior to the court of appeals* within the district, * * *." (Emphasis supplied to indicate new language.)

In *Youngstown Municipal Ry. Co.* v. *Youngstown* (1946), 147 Ohio St. 221, this court construed the then recent amendment, at page 223, as follows:

"* * * The expressed intention is to accomplish the simple result of empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals

if it should desire so to do; and unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted."

In *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, decided approximately two months before Section 6, Article IV was repealed and reenacted as Section 3, Article IV, this court was presented with the question of whether a discovery order of a trial court was subject to immediate appellate review. In the course of deciding that it was not, the court, per Paul W. Brown, J., stated the following:

"The attitude of this court has long been that the definition of final orders is within the judicial province. *Hoffman* v. *Knollman*, 135 Ohio St. 170; *Price* v. *McCoy Sales & Service, Inc.*, 2 Ohio St. 2d 131. By constitutional declaration, it is within the legislative province to specify which final orders are appealable. Section 6, Article IV, Ohio Constitution. The case of *Youngstown Municipal Ry. Co.* v. *Youngstown*, 147 Ohio St. 221, holds that all orders falling within this court's definition of final orders are appealable until the General Assembly acts to modify the jurisdiction of the Courts of Appeals."

The *Klein* court also stated that R. C. 2505.02 constituted a legislative restatement of this court's definition of a final order.

We note that R. C. 2505.02 declares that "* * * an order affecting a substantial right made in a special proceeding * * * is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial." Under the above definition a trial court's order determining the preliminary issues in favor of the appropriating agency would appear to be a final order, since the order is made in a special proceeding and it will certainly affect the owner's property rights. Nevertheless, all final orders are not *ipso facto* appealable orders, and the distinction made in *Klein* is supported by the following language in R. C. 2505.03: "Every final order, judgment or decree of a court * * * may be re-

viewed * * * unless otherwise provided by law * * *."

Clearly, in enacting R. C. 163.09, the General Assembly has "otherwise provided by law" that a trial court's order in favor of the appropriating agency on the preliminary questions is not immediately appealable. Rather, we believe that the statutory scheme of R. C. Chapter 163 contemplates that the property owner may obtain appellate review only after the preliminary issues are decided by the trial court, a jury assesses compensation pursuant to R. C. 163.14, and a journal entry which reflects both the decision on the preliminary issues and the amount of the jury award is made by the trial court, pursuant to R. C. 163.15. The legislative motivation for so designing condemnation proceedings is apparent, because only after a judgment is entered under R. C. 163.15 are all the rights of the parties adjudicated. The resulting consolidation of issues on appeal thus precludes piecemeal litigation, thereby fostering the conservation of judicial energy while at the same time eliminating unnecessary delays.

In our opinion R. C. 163.09(B) indicates a legislative decision that the property owner be denied an immediate appeal on the preliminary issues relative to appropriation. Because the General Assembly has the constitutional authority to make such a decision, appellants' first argument must be rejected.

An additional argument advanced by appellants is that the operation of R. C. 163.19 renders meaningless appellate review of the trial court's decision on the preliminary issues, thereby depriving appellants of the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

R. C. 163.19 states the following:

"Subject to sections 163.07 and 163.09 of the Revised Code, any party may prosecute appeals as in other civil actions from the judgment of the court. The trial court upon proper terms may suspend the execution of any order; but in all cases where the agency pays or deposits the

18

amount of the award assessed and gives adequate security for any further compensation and costs, as required by the court, the right to take and use the property appropriated shall not be affected by such review by the appellate courts."

The due process of law to be observed whenever private property is appropriated for public use is set forth in Section 19, Article I of the Ohio Constitution, which states, in pertinent part:

"* * * [W]here private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefit to any property of the owner."

R. C. Chapter 163 will not deprive the appellants of the substantive due process of law specified in the above constitutional provision. The trial court has already determined that the property will be taken for a public use, and, upon remand of this cause, a jury will be selected to assess the compensation and damages to be awarded to appellants. In addition, procedural due process is afforded within R. C. Chapter 163, since R. C. 163.07 requires that the property owner be notified that a petition for appropriation has been filed, and R. C. 163.09 assures the property owner of a due process hearing on the preliminary issues.

This court has repeatedly stated that there is no inherent right of appeal from a judgment of a court, and that such right must be conferred by Constitution or statute. *Middletown* v. *City Comm. of Middletown* (1941), 138 Ohio St. 596; *Lindblom* v. *Bd. of Tax Appeals* (1949), 151 Ohio St. 250; *In re Mahoning Valley Sanitary Dist.* (1954), 161 Ohio St. 259, certiorari denied, 348 U. S. 831.

The General Assembly has apparently decided that the health, safety and welfare of the general public will be promoted by the speedy construction of necessary public projects. R. C. 163.19 thus appears to be a compromise measure which preserves the property owner's traditional right to appellate review of the trial court's findings on the

preliminary issues, but which also grants to the appropriating agency the right to take and use the appropriated property while such appellate review is pending. Accord *Ornstein* v. *Chesapeake & Ohio Ry. Co.* (1931), 123 Ohio St. 260.

We see no necessary inconsistency in the provisions of R. C. 163.19. In the majority of appeals in appropriation cases there would be no reason to delay construction of a public project when only the jury award of compensation is contested. In those rare instances where the property owner successfully appeals the preliminary issues of the right to take and the necessity for the take, the title to the property previously conferred upon the appropriating agency, under R. C. 163.15, is thereupon subject to defeasance. Finally, we recognize that because of the balance struck within R. C. 163.19 there is the possibility that the contested property might be damaged by the appropriating agency after it acquires title thereto under R. C. 163.15, only to be later restored, in this damaged condition, to the property owner who successfully appeals the preliminary issues. It is therefore imperative that the property owner who prosecutes an appeal on other than the jury award of compensation adequately inform the appellate court of his dilemma, so that the appellate court might implement the special provision of R. C. 163.22 which mandates that "[a]ll proceedings brought under sections 163.01 to 163.22, inclusive, * * * shall be advanced as a matter of immediate public interest and concern and shall be heard by the court at the earliest practicable moment."

The judgment of the Court of Appeals must be affirmed, and the cause is hereby remanded to the trial court so that compensation may be assessed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.