[Cite as *State v. Christopher*, 2013-Ohio-1946.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| -vs- | : | **CASE NOS. 2013-P-0003,** |
| | | **2013-P-0004,** |
| PATRICK R. CHRISTOPHER, | : | **and 2013-P-0005** |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division, Case Nos. R2011 CRB 2972, R2011 CRB 2973, and R2011 CRB 2974.

Judgment: Appeals dismissed.

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Patrick R. Christopher,* pro se, 8278 Wilson Mills Road, Chesterland, OH 44026 (Defendant-Appellant).

DIANE V. GRENDELL, J.,

{¶1} On January 28, 2013, appellant, Patrick R. Christopher, filed his notices of appeal, pro se, from a February 21, 2012 nunc pro tunc judgment entry issued by the Portage County Municipal Court, Ravenna Division. The appealed judgment indicates that appellant pled guilty to two counts of sexual imposition, and the trial court sentenced him to a $250 fine and imposed a jail sentence of 180 days.

{¶2} App.R. 4(A) states in part:

{¶3} "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed. * * *"

{¶4} In this case, appellant's notices of appeal were due by March 22, 2012, which was not a holiday or a weekend. Since appellant's notices of appeal were not filed until January 28, 2013, the appeals are untimely by approximately ten months.

{¶5} App.R. 5(A) states, in relevant part:

{¶6} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶7} "(a) Criminal proceedings;

{¶8} "(b) Delinquency proceedings; and

{¶9} "(c) Serious youthful offender proceedings.

{¶10} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals. * * *"

{¶11} In the present case, appellant indicates in his notices of appeal that he "waited so long to bring this matter to [our] attention" because "I feared retribution by Portage County." More specifically, appellant indicates that he waited until his probation terminated on February 21, 2013 to bring this appeal because he now felt safer to file the notices of appeal. Fear of retribution is not a proper justification for failing to file a timely appeal.

2

**{¶12}** Based upon the foregoing analysis, the appeals are hereby sua sponte dismissed as being untimely.

**{¶13}** Appeals dismissed.

CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

**{¶14}** Appellant, a pro se litigant, has a constitutional right to appeal his conviction. *City of Aurora v. Belinger*, 180 Ohio App. 3d 178, 2008-Ohio-6772, ¶ 1 (11th Dist.). (Parallel citation omitted.)  In cases wherein someone is found guilty and sentenced in a criminal matter and there is no prejudice to the state in the delay, a motion for delayed appeal should be granted.  I suggest that we should accept the delayed appeal, and review the record before this court.  Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed.  There is also no set deadline for a delayed appeal to be filed.  Additionally, it should be noted that the State has not filed an objection to appellant's late appeal.

**{¶15}** The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals.  *In re Beck, (*7th Dist. No.  00 BA 52) 2002-Ohio-3460, at ¶ 29.  However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶ 28, quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982).  The Supreme Court of Ohio has instructed the

3

lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. Cf. *State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶ 12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. Cf. *Beck* at ¶ 29.

{¶16} In this case, appellant has filed a request for a delayed appeal stating that he deliberately delayed filing his appeal until his term of probation was completed due to fear of reprisals. The majority states that such fear is not a proper justification for failing to file a timely appeal. However, appellant's allegations concerning possible reprisals may still be made in good faith even if they are unfounded by any objective measure.

{¶17} The Staff Note to the 1994 Amendment to App.R. 5(A) also indicates that the rule is to be given a flexible, liberal interpretation. Prior to the amendment, defendants were required to set forth the errors claimed and evidence relating to the claimed errors. *Id.* The amendment merely retained the requirement that the would-be appellant set forth his or her reasons for the delay. *Id.* In explanation, the Staff Note provides:

{¶18} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate

4

sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶19} Additionally, a principal purpose of the General Assembly in reforming Ohio's sentencing structure in Senate Bill 2, including procedure relating to appeals, was cost containment. *State v. Grider,* 8th Dist. No. 82072, 2003-Ohio-3378, ¶ 29, citing Griffin and Katz, *Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan*, 53 Case W.R.L.Rev. 1 (2002).

{¶20} The intent of the General Assembly is that courts deal with criminal cases in the most cost effective manner complying with justice. Additionally, this court has an affirmative, constitutional and statutory duty to review the trial court for error. We are the constitutional quality control for the citizens of the state of Ohio. By denying this delayed appeal, as well as others, I submit we are not performing our duties to the best of our statutory and constitutional obligation.

{¶21} If App.R. 5(A) is to be given a flexible, liberal interpretation an appellant should be entitled to have his case heard on a delayed appeal when there is no prejudice to the state in the delay. And this interpretation should apply even when the reason given for delaying the direct appeal is less than compelling.

{¶22} Thus, I respectfully dissent.