[Cite as *State v. Grant*, 2014-Ohio-5378.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2013-L-101** |
| - vs - | : | |
| JAMES F. GRANT, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 12 CR 000735.

Judgment: Appeal dismissed.

*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*James F. Grant*, pro se, PID: A641084, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, OH 44901 (Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}  This matter is before this court on the pro se motion of James F. Grant for leave to file a delayed appeal pursuant to App.R. 5(A).  Along with his motion, Mr. Grant filed his notice of appeal on October 18, 2013.  Mr. Grant seeks to appeal the judgment issued by the Lake County Court of Common Pleas, following a guilty plea, sentencing him to prison for two counts of robbery: 24 months for Amended Count 2, a felony of the third degree; and a mandatory eight-year term for Count 3, a felony of the second degree.  On March 29, 2013, the trial court ordered the prison terms to run concurrent

with each other for a total of eight years. Thus, Mr. Grant filed his notice of appeal nearly six months past the filing deadline.

{¶2} The state of Ohio filed a response in opposition to the motion on October 25, 2013.

{¶3} There is no constitutional right to appeal under the United States Constitution. "[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). A state is permitted to provide appellate review, within its law-making discretion, with only one constitutional caveat:

> [A] State can, consistently with the Fourteenth Amendment, provide for differences [in appellate review] so long as the result does not amount to a denial of due process or an 'invidious discrimination.' * * * Absolute equality is not required; lines can be and are drawn and we often sustain them.

*Douglas v. California*, 372 U.S. 353, 356-357 (1963) (citations omitted).

{¶4} Likewise, the Ohio Supreme Court has continually stated that "there is no inherent right of appeal from a judgment of a court, and that such right must be conferred by Constitution or statute." *Cincinnati Gas & Elec. Co. v. Pope*, 54 Ohio St.2d 12, 18 (1978) (citations omitted). The Ohio Constitution does not state who has the right to appeal; we therefore turn to Ohio's statutory law. *E.g.*, *Middletown v. City Comm. of Middletown*, 138 Ohio St. 596, 603 (1941); *see also Pope, supra*, 18-19.

{¶5} The Ohio Revised Code provides, in relevant part:

> In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the [appellate] court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgmentS or final orders of courts of record inferior to the court of appeals within the district[.]

2

R.C. 2501.02. Further, "[t]he judges of the court of appeals, or a majority of such judges, may make and publish such uniform rules of practice, for all the districts, as are not in conflict with statute or the rules of the supreme court." R.C. 2501.08. The Supreme Court of Ohio has, in fact, promulgated uniform Rules of Appellate Procedure. "An appeal of a final order, judgment, or decree of a court [*see* R.C. 2501.02] *shall be governed by the Rules of Appellate Procedure* or by the Rules of Practice of the Supreme Court, whichever are applicable, and, to the extent not in conflict with those rules, this chapter." R.C. 2505.03(C) (emphasis added).

{¶6} The Rules of Appellate Procedure provide for two types of mutually-exclusive appeals, over which the district courts of appeal have jurisdiction: (1) "Appeal[s] as of Right," governed by App.R. 3 & 4; and (2) "Appeals by Leave of Court in Criminal Cases," governed by App.R. 5.

{¶7} App.R. 3(A) states, in relevant part and emphasis added:

> An appeal as of right shall be taken by filing a notice of appeal * * * *within the time allowed by Rule 4.* Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which *may include dismissal of the appeal.* Appeals by leave of court shall be taken in the manner prescribed by Rule 5.

Pursuant to App.R. 4(A)(1), in a criminal case, "a party who wishes to appeal from an order that is final upon its entry *shall file the notice of appeal required by App.R. 3 within 30 days of that entry.*" (Emphasis added.)

{¶8} Mr. Grant did not comply with App.R. 3 and App.R. 4, thus his appeal is not an "appeal as of right." Specifically, Mr. Grant filed his notice of appeal nearly six months after the 30-day deadline. Accordingly, Mr. Grant is attempting to obtain an "appeal by leave of court in a criminal case," and App.R. 5 governs.

3

{¶9} App R. 5(A)(1) provides: "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * (a) Criminal proceedings * * *." App.R. 5(A)(2) contains four requirements an appellant must comply with in order to obtain leave to appeal. The movant shall (1) file a motion for leave to appeal with the court of appeals (2) that sets forth his or her reasons for failing to perfect an appeal as of right; (3) file a notice of appeal with the clerk of the trial court that complies with App.R. 3; and (4) "furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals[.]" *Id.*

{¶10} With regard to the second requirement, the precedent of this court is that the reason for failing to perfect an appeal as of right must be valid—i.e., the reason for delay must justify the length of time it took to initiate an appeal. *See, e.g., State v. Johnson*, 11th Dist. Trumbull No. 2013-T-0121, 2014-Ohio-2015, ¶6; *State v. Williams*, 11th Dist. Trumbull No. 2013-T-0034, 2013-Ohio-3481, ¶9. Mr. Grant's efforts to obtain leave to appeal fail on this second requirement.

{¶11} Mr. Grant's main assertion for failing to file a timely appeal is that he "had no knowledge of [his] rights of appeal." However, courts have long held that ignorance of the law does not excuse procedural inadequacies, such as the failure to file a notice or motion in a timely manner. *E.g.*, *State v. Foti*, 11th Dist. Lake No. 2009-L-163, 2010-Ohio-5931, ¶86; *State v. Crites*, 11th Dist. Trumbull No. 2012-T-0065, 2012-Ohio-5127, ¶10.

{¶12} Mr. Grant further asserts that he was not informed of his rights of appeal "by the court or [his] trial counsel after sentencing" and that he "was never informed that

4

his time would be [mandatory]." However, these assertions are in direct contravention to the guilty plea Mr. Grant signed on March 29, 2013, which indicates he was specifically advised of the following:

> The Court informed me and I further understand that: * * * If I was convicted at trial, I would have a right to appeal.
>
> I hereby state that I understand these rights and privileges and the possible consequences of a "Guilty" plea. I hereby waive and reject all of these rights.
>
> * * *
>
> My attorney has explained my right to appeal a maximum sentence, my other limited appellate rights, and that any appeal must be filed within 30 days of the Court's entry of the judgement [sic] of my sentence.
>
> * * *
>
> I understand for this offense(s) I do face **mandatory time in prison**[.]

Mr. Grant signed the written guilty plea, as did the trial court, the prosecuting attorney, and Mr. Grant's attorney. Further, Mr. Grant's attorney averred that he advised Mr. Grant "that he does face a mandatory prison term with this 'Guilty' plea."

{¶13} Given the length of time of nearly six months that passed from the time of Mr. Grant's sentence until the filing of his motion for delayed appeal, it is evident that he was not diligent in taking the proper steps to protect his rights. As such, we find Mr. Grant has not provided this court, as required by App.R. 5(A), with reasons to adequately justify waiting nearly six months to initiate a direct appeal.

{¶14} For the foregoing reasons, Mr. Grant's motion for leave to file a delayed appeal is hereby overruled.

{¶15} Appeal dismissed.

5

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} Appellant, a pro se litigant, has a constitutional right to appeal his conviction in a criminal proceeding. State v. Awkal, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right"). An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." Black's Law Dictionary 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A).

{¶17} In cases wherein someone is found guilty and sentenced in a criminal matter and there is no prejudice to the state in the delay, a motion for delayed appeal should be granted. I suggest that we should accept the delayed appeal, and review the record before this court. Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed. There is also no set deadline for a delayed appeal to be filed.

{¶18} In this case, appellant has filed a request for a delayed appeal nearly six months after his sentencing. The majority does not feel inclined to accept it, describing appellant's reasons for his delay as insufficient and contradicted by his plea agreement. However, the mechanical enforcement of a single appellate rule should not take precedence over enforcement of the law as a whole nor the Ohio legislature's intent to

6

create an appeal as of right. The majority, in emphasizing form over function, is placing an unnecessary barrier in front of appellant by its strict reading of the rule.

{¶19} The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002-Ohio-3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶28, quoting *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. *See, e.g., State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. *See, e.g., Beck* at ¶29.

{¶20} The Staff Note to the 1994 Amendment to App.R. 5(A) also indicates that the rule is to be given a flexible, liberal interpretation. Prior to the amendment, defendants were required to set forth the errors claimed and evidence relating to the claimed errors. *Id.* The amendment merely retained the requirement that the would-be appellant set forth his or her reasons for the delay. *Id.* In explanation, the Staff Note provides in part:

{¶21} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by

7

direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial direct (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶22} Additionally, a principal purpose of the General Assembly in reforming Ohio's sentencing structure in Senate Bill 2, including procedure relating to appeals, was cost containment. *State v. Grider,* 8th Dist. Cuyahoga No. 82072, 2003-Ohio-3378, ¶29, citing Griffin and Katz, *Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan*, 53 Case W.R.L.Rev. 1 (2002).

{¶23} The intent of the General Assembly is that courts deal with criminal cases in the most cost effective manner complying with justice. Additionally, this court has an affirmative, constitutional and statutory duty to review the trial court for error. We are the constitutional quality control for the citizens of the state of Ohio. By denying delayed appeals I submit we are not performing our duties to the best of our constitutional and statutory obligation.

{¶24} If App.R. 5(A) is to be given a flexible, liberal interpretation an appellant should be entitled to have his case heard on a delayed appeal when there is no prejudice to the state in the delay. As appellant pleaded guilty to the crimes for which he was sentenced, the errors he might raise on appeal are limited. Surely it would be more cost effective for this court to consider any such alleged error, bring this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals.

{¶25} Thus, I respectfully dissent.

8