[Cite as *State v. Gibbs*, 2014-Ohio-5772.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

GEAUGA COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2014-G-3201** |
| - vs - | : | |
| RICHARD W. GIBBS, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Geauga County Court of Common Pleas.
Case No. 06 C 000077.

Judgment: Appeal dismissed.


*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecuting Attorney, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Plaintiff-Appellee).

*Richard W. Gibbs*, pro se, PID: A530087, London Correctional Institution, P.O. Box 69, 1580 State Route 56, S.W., London, OH 43140 (Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}   This matter is currently before this court upon Mr. Gibbs' pro se motion for leave to file a delayed appeal pursuant to App.R. 5(A).  Mr. Gibbs seeks leave to appeal from a judgment entry issued by the trial court on May 18, 2007, which indicates he entered a plea of guilty to six counts of gross sexual imposition.  The trial court sentenced Mr. Gibbs to an aggregate prison term of 12-30 years and was classified as a sexual predator.

{¶2} Along with the motion for leave, Mr. Gibbs filed his notice of appeal of the May 18, 2007 judgment of conviction on April 22, 2014. Thus, this appeal is untimely by nearly seven years.

{¶3} The state of Ohio filed a response in opposition to Mr. Gibbs' motion and a motion to dismiss on April 28, 2014. Mr. Gibbs filed a "reply in opposition" on May 8, 2014.

{¶4} There is no constitutional right to appeal under the United States Constitution. "[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all." *Griffin v. Illinois*, 351 U.S. 12, 18 (1956). A state is permitted to provide appellate review, within its law-making discretion, with only one constitutional caveat:

> [A] State can, consistently with the Fourteenth Amendment, provide for differences [in appellate review] so long as the result does not amount to a denial of due process or an 'invidious discrimination.' * * * Absolute equality is not required; lines can be and are drawn and we often sustain them.

*Douglas v. California*, 372 U.S. 353, 356-357 (1963) (citations omitted).

{¶5} Likewise, the Ohio Supreme Court has continually stated that "there is no inherent right of appeal from a judgment of a court, and that such right must be conferred by Constitution or statute." *Cincinnati Gas & Elec. Co. v. Pope*, 54 Ohio St.2d 12, 18 (1978) (citations omitted). The Ohio Constitution does not state who has the right to appeal; we therefore turn to Ohio's statutory law. *E.g.*, *Middletown v. City Comm. of Middletown*, 138 Ohio St. 596, 603 (1941); *see also Pope, supra*, at 18-19.

{¶6} The Ohio Revised Code provides, in relevant part:

> In addition to the original jurisdiction conferred by Section 3 of Article IV, Ohio Constitution, the [appellate] court shall have jurisdiction upon an appeal upon questions of law to review, affirm,

2

modify, set aside, or reverse judgment or final orders of courts of record inferior to the court of appeals within the district[.]

R.C. 2501.02. Further, "[t]he judges of the court of appeals, or a majority of such judges, may make and publish such uniform rules of practice, for all the districts, as are not in conflict with statute or the rules of the supreme court." R.C. 2501.08. The Supreme Court of Ohio has, in fact, promulgated uniform Rules of Appellate Procedure. "An appeal of a final order, judgment, or decree of a court [*see* R.C. 2501.02] *shall be governed by the Rules of Appellate Procedure* or by the Rules of Practice of the Supreme Court, whichever are applicable, and, to the extent not in conflict with those rules, this chapter." R.C. 2505.03(C) (emphasis added).

{¶7} The Rules of Appellate Procedure provide for two types of mutually-exclusive appeals, over which the district courts of appeal have jurisdiction: (1) "Appeal[s] as of Right," governed by App.R. 3 & 4; and (2) "Appeals by Leave of Court in Criminal Cases," governed by App.R. 5.

{¶8} App.R. 3(A) states, in relevant part and emphasis added:

> An appeal as of right shall be taken by filing a notice of appeal * * * *within the time allowed by Rule 4.* Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which *may include dismissal of the appeal.* Appeals by leave of court shall be taken in the manner prescribed by Rule 5.

Pursuant to App.R. 4(A)(1), in a criminal case, "a party who wishes to appeal from an order that is final upon its entry *shall file the notice of appeal required by App.R. 3 within 30 days of that entry.*" (Emphasis added.)

{¶9} Mr. Gibbs did not comply with App.R. 3 and App.R. 4, thus his appeal is not an "appeal as of right." Specifically, Mr. Gibbs filed his notice of appeal nearly

3

seven years after the 30-day deadline. Accordingly, Mr. Gibbs is attempting to obtain an "appeal by leave of court in a criminal case," and App.R. 5 governs.

{¶10} App R. 5(A)(1) provides: "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in * * * (a) Criminal proceedings * * *." App.R. 5(A)(2) contains four requirements an appellant must comply with in order to obtain leave to appeal. The movant shall (1) file a motion for leave to appeal with the court of appeals; (2) that sets forth his or her reasons for failing to perfect an appeal as of right; (3) file a notice of appeal with the clerk of the trial court that complies with App.R. 3; and (4) furnish a copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals. *Id.*

{¶11} With regard to the second requirement, the precedent of this court is that the reason for failing to perfect an appeal as of right must be valid—i.e., the reason for delay must justify the length of time it took to initiate an appeal. *See, e.g., State v. Johnson*, 11th Dist. Trumbull No. 2013-T-0121, 2014-Ohio-2015, ¶6; *State v. Williams*, 11th Dist. Trumbull No. 2013-T-0034, 2013-Ohio-3481, ¶9. Mr. Gibbs' effort to obtain leave to appeal fails on the second requirement.

{¶12} In his motion, Mr. Gibbs asserts his reasons for failing to perfect a timely appeal are (1) he was "[misled] by trial counsel into believing he had no right to appeal," and (2) he is a "layman at law" with no "knowledge or understanding" of the law. However, in his "reply in opposition to appellee's response," Mr. Gibbs asserts a different reason for failing to file a timely appeal. In this latter pleading, Mr. Gibbs states the trial court did not inquire into whether he "intended to file a notice of appeal [or] if he

4

desired for the Court to appoint counsel to perfect an appeal in accordance with Crim. Rule 32(B)(3)(d)." Crim.R. 32(B)(3) provides:

> If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant * * * (d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

However, Mr. Gibbs concedes in his reply that "the trial court did inform him of his rights to have a timely notice of appeal filed on his behalf." By doing so, the trial court complied with Crim.R. 32(B)(3)(d). It is clear from a review of the docket that Mr. Gibbs did not request appointed counsel for the purpose of appeal until October 11, 2012—over four years after the judgment of conviction was entered.

{¶13} Given the length of time of nearly seven years that has passed from the time of Mr. Gibbs' conviction and sentence until the filing of his motion for delayed appeal, it is evident he was not diligent in taking the proper steps to protect his rights. Further, the reasons submitted by Mr. Gibbs as the cause for the delay—whether we accept the reason provided in his motion for leave or that provided in his reply—do not adequately justify waiting seven years to initiate a direct appeal. As such, we find that Mr. Gibbs has not satisfied the requirements of App.R. 5(A).

{¶14} For the foregoing reasons, it is ordered that Mr. Gibbs' pro se motion for leave to file a delayed appeal is hereby overruled.

{¶15} Appeal dismissed.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

5

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} Mr. Gibbs, a pro se litigant, has a constitutional right to appeal his conviction in a criminal proceeding. *See State v. Awkal*, 8th Dist. Cuyahoga Nos. 98532 and 98553, 2012-Ohio-3970, ¶2 (Blackmon, A.J.); Article IV, Sections 1, 2, and 3 of the Ohio Constitution (appeal "as a matter of right"). An appeal "as of right" is "[a]n appeal to a higher court from which permission need not be first obtained." *Black's Law Dictionary* 74 (7th Ed.2000). In Ohio, in addition to the Ohio Constitution, pursuant to statute, "a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right." R.C. 2953.08(A).

{¶17} In cases wherein someone is found guilty and sentenced in a criminal matter and there is no prejudice to the state in the delay, a motion for delayed appeal should be granted. I suggest that we should accept the delayed appeal, and review the record before this court. Appellate Rule 5(A) provides specifically for a delayed appeal if the thirty-day deadline to file is missed. There is also no set deadline for a delayed appeal to be filed.

{¶18} In reviewing the multiple filings made by Mr. Gibbs to this court over the years, one thing is clear: he has never had the benefit of appellate review of his conviction. The judgment of conviction that appellant seeks to appeal was filed in May 2007. In May 2010, Mr. Gibbs filed a "motion to vacate a void sentence" in the trial court. The trial court denied the motion and Mr. Gibbs appealed the judgment to this court. This appeal was dismissed as untimely. *State v. Gibbs,* 11th Dist. Geauga No. 2010-G-2967, 2010-Ohio-2675. In December 2012, Mr. Gibbs filed an appeal to this

6

court based upon the trial court's denial of his motion to withdraw his guilty plea. This court affirmed the trial court. *State v. Gibbs,* 11th Dist. Geauga No. 2012-G-3123, 2014-Ohio-1341. Currently, Mr. Gibbs has another appeal pending in this court, Case No. 2014-G-3213, regarding the trial court's denial of his April 2014 "motion for relief from judgment pursuant to CivR. 60(B)."

**{¶19}** In the present case, Mr. Gibbs has filed a request for a delayed appeal seven years after his sentencing. The majority does not feel inclined to accept it because appellant did not give a valid reason for missing the underlying deadline for filing his original appeal. However, the mechanical enforcement of a single appellate rule should not take precedence over enforcement of the law as a whole nor the Ohio legislature's intent to create an appeal as of right. The majority, in emphasizing form over function, is placing a barrier in front of appellant by its strict reading of the rule.

**{¶20}** The Rules of Appellate Procedure are meant to provide a framework for the orderly disposition of appeals. *In re Beck,* 7th Dist. Belmont No. 00 BA 52, 2002-Ohio- 3460, ¶29. However, "'[o]nly a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds.'" *Id.* at ¶28, quoting *DeHart v. Aetna Life Ins. Co.,* 69 Ohio St.2d 189, 193 (1982). The Supreme Court of Ohio has instructed the lower courts of this state that cases are to be decided on the merits, and that the various rules of court are to be applied so as to achieve substantial justice. *See, e.g., State ex rel. Lapp Roofing & Sheet Metal Co., Inc. v. Indus. Comm.,* 117 Ohio St.3d 179, 2008-Ohio-850, ¶12; *DeHart* at 192. Consequently, strict adherence to the appellate rules must yield when a procedural error is inadvertent, and a party or counsel acted in good faith. *See, e.g., Beck* at ¶29.

{¶21} The Staff Note to the 1994 Amendment to App.R. 5(A) also indicates that the rule is to be given a flexible, liberal interpretation. Prior to the amendment, defendants were required to set forth the errors claimed and evidence relating to the claimed errors. *Id.* The amendment merely retained the requirement that the would-be appellant set forth his or her reasons for the delay. *Id.* In explanation, the Staff Note provides in part:

{¶22} "Although there was also concern about the fairness of requiring usually indigent, and frequently unrepresented, criminal defendants to demonstrate (often without the benefit of a transcript) the probability of error, the primary reason for this amendment is judicial economy. Denial of leave to file a delayed appeal for failure to demonstrate the probability of error usually leads to subsequent litigation of the issue by direct appeals to the Ohio and United States Supreme Courts, petitions to vacate sentence under R.C. 2953.21 et seq., and appeals thereon, and/or federal habeas corpus petitions and appeals. Review of the merits by the courts of appeals upon the initial (albeit delayed) appeal would thus avoid the presentation of the probability of error issue to as many as nine subsequent tribunals."

{¶23} The intent of the General Assembly is that courts deal with criminal cases in the most cost effective manner complying with justice. Additionally, this court has an affirmative, constitutional and statutory duty to review the trial court for error. We are the constitutional quality control for the citizens of the state of Ohio. By denying delayed appeals I submit we are not performing our duties to the best of our constitutional and statutory obligation.

{¶24} If App.R. 5(A) is to be given a flexible, liberal interpretation an appellant should be entitled to have his case heard on a delayed appeal when there is no

8

prejudice to the state in the delay. Surely it would be more cost effective for this court to consider any such alleged error, bring this matter to a quick, *final* close and thus avoid the presentation of error issues to subsequent tribunals or further filings by Mr. Gibbs with the trial court. Mr. Gibbs' only remedy at this point is to timely file an appeal with the Supreme Court of Ohio and ask them to appoint him counsel. The effect of this court's refusal to review these issues on the merits is the promulgation of numerous civil appeals at the taxpayer's expense.

{¶25} Thus, I respectfully dissent.