[Cite as *State v. Whitman*, 2015-Ohio-5068.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-L-106** |
| CHRISTOPHER WHITMAN, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000316.

Judgment: Appeal dismissed.


*Charles E. Coulson*, Lake County Prosecutor, and *Alana A. Rezaee,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Christopher Whitman*, pro se, PID: A661-599, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430-0901 (Defendant-Appellant).


THOMAS R. WRIGHT, J.

{¶1} Appellant, Christopher Whitman, filed a pro se motion for leave to file a delayed appeal on September 18, 2015, from the trial court's September 26, 2014 judgment of conviction and sentence in the underlying criminal case. Appellee filed a response in opposition to appellant's motion on September 28, 2015.

{¶2} The appealed judgment reflects that appellant entered a plea of guilty to

count one, rape, a first degree felony, and count five, felonious assault, a second degree felony. The court sentenced appellant to serve an aggregate term of 17 years in prison, and he was found to be a Tier III Sex Offender.

{¶3} Appellant's notice of appeal from the trial court's sentencing judgment was due no later than 30 days from September 26, 2014, or by October 27, 2014, which was not a weekend or a holiday. Appellant did not file his motion for delayed appeal until September 18, 2015, almost 11 months beyond the thirty-day deadline in App.R. 4.

{¶4} App.R. 4(A)(1) states, in part:

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} App.R. 5(A) provides:

{¶7} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may taken by defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶12} In the present motion, appellant asserts as his reason for not filing a timely

2

appeal that: 1) his appointed counsel told him that he could not appeal; and 2) he has been in the hospital for the past seven months fighting cancer.

{¶13} The state argues that appellant acknowledged in his written plea of guilty that his counsel explained his right to appeal a maximum sentence, his other limited appellate rights, and that an appeal from the trial court's sentence must be filed within 30 days of the judgment. A review of the August 25, 2014 Written Plea of Guilty, which appellant signed, confirms that appellant was clearly notified of all of his appellate rights. Additionally, the state asserts that it was unable to confirm that appellant was at a hospital for several months and appellant has not provided any records to support his claim.

{¶14} Upon consideration, we find that the present motion does not set forth a valid reason for appellant's failure to timely perfect his appeal. In the absence of a legitimate explanation for the nearly eleven-month delay in initiating a direct appeal, appellant has not met the requirements of App.R. 5(A).

{¶15} Therefore, appellant's motion for leave to file a delayed appeal is overruled, and the appeal is hereby dismissed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} I respectfully dissent with the majority's position denying appellant's motion for a delayed appeal based on my dissenting opinions in similar matters involving App.R. 5(A). *State v. Christopher*, 11th Dist. Portage Nos. 2013-P-0003, 2013-P-0004, and 2013-P-0005, 2013-Ohio-1946, ¶14-22; *State v. Grant*, 11th Dist. Lake No. 2013-L-101, 2014-Ohio-5378, ¶16-25; *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772, ¶16-25; *State v. Funk*, 11th Dist. Lake No. 2014-L-094, 2015-Ohio-813, ¶16-24.