[Cite as *State v. Wyche*, 2016-Ohio-5186.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0033** |
| ELISHA DIANE WYCHE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2014 CR 00633.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Elisha Diane Wyche, pro se,* PID: W093810, Dayton Correctional Institution, P.O. Box 17399, Dayton, OH 45418 (Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} This matter is before this court on the pro se motion for leave of appellant, Elisha Diane Wyche, to file a delayed appeal, pursuant to App.R. 5(A). Along with her motion, appellant filed her notice of appeal in the trial court on April 4, 2016. Appellant indicates on her notice of appeal that she is appealing from an October 13, 2015 trial court judgment entry. However, a review of the docket reveals that the trial court entry sentencing appellant was filed on October 22, 2015.

{¶2} In the October 22, 2015 entry, the trial court sentenced appellant to serve a total prison term of 11 years after she entered a guilty plea to aggravated burglary, aggravated robbery, and kidnapping, all with firearm specifications.

{¶3} A timely notice of appeal from the entry was due no later than November 23, 2015, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by over four months.

{¶4} Appellee, the state of Ohio, filed its objection to the motion for delayed appeal on April 8, 2016.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} Appellant asserts as her reason for filing an untimely appeal the following: "I was told that I couldn't [appeal] but I was unfairly represented by my Public Defender, we had a conflict of interest, but when I talked to my case manager, they told me I could appeal."

{¶14} However, as indicated in appellee's objection to the motion, page six of appellant's May 26, 2015 signed guilty plea states: "My attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court, and that I must file an appeal with thirty (30) days of my sentence."

{¶15} Appellant's reason for filing an untimely appeal is based on not being told that she could appeal, which is refuted by her signed guilty plea where she was clearly advised of her limited appellate rights.

{¶16} Therefore, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶17} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


3

{¶18} I respectfully dissent with the majority's position denying appellant's motion for a delayed appeal based on my dissenting opinions in similar matters involving App.R. 5(A). *State v. Christopher*, 11th Dist. Portage Nos. 2013-P-0003, 2013-P-0004, and 2013-P-0005, 2013-Ohio-1946, ¶14-22; *State v. Grant*, 11th Dist. Lake No. 2013-L-101, 2014-Ohio-5378, ¶16-25; *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772, ¶16-25; *State v. Funk*, 11th Dist. Lake No. 2014-L-094, 2015-Ohio-813, ¶16-24.