[Cite as *State v. Cretella*, 2016-Ohio-7448.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-T-0068** |
| - vs - | : | |
| CHRISTOPHER MARTIN CRETELLA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2015 CR 00383.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Charles L. Morrow,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Christopher Martin Cretella,* pro se, PID: A681-379, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} On July 11, 2016, appellant, Christopher Martin Cretella, filed a pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal with the trial court. Appellant appeals from the trial court's sentencing entry of March 3, 2016.

{¶2} A timely notice of appeal was due no later than April 4, 2016, which was not a weekend or a holiday. Thus, the appeal is untimely by almost three months.

{¶3} Appellee, the state of Ohio, filed a response in opposition to the motion for delayed appeal on July 20, 2016. Appellee filed an additional response on July 22, 2016, which included the trial court's finding on appellant's guilty plea. Appellant filed a pro se reply to the responses on August 19, 2016.

{¶4} App.R. 4(A)(1) states in relevant part:

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} App.R. 5(A) provides:

{¶7} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶12} Appellant asserts the following in his motion: "even though the court complied with Crim.R. 32 at the time of sentencing, the court nor did counsel informed (sic) Appellant of his right to withdraw his plea for the failure to impose the two and half (sic) (2½) years agreed upon sentence, and when I spoke with counsel he said

2

nothing." Appellant further adds "[s]o I have no choice but to appeal for a breach of the plea agreement of a promised two and half (sic) (2½) yr. sentence."

{¶13} In response, appellee asserts that there is no right to withdraw one's guilty plea. Also, appellant has not provided any legal argument or authority which supports that there is a right, let alone a right to be advised by counsel or the trial court. Further, appellee indicates that appellant falsely claims in his motion that he was promised a two and one half year sentence. Appellee contends that the allegation is meritless, and there is no evidence to support it. Page 7 paragraph 2 of appellant's guilty states: "[t]his agreement reflects the entire agreement between the State of Ohio and me. No other promises or representations have been made to me."

{¶14} Appellant's primary responsibility in moving for an App.R. 5(A) motion for delayed appeal is to provide reasons for his delay in filing an untimely appeal. Appellant asserts that he was not advised of his right to withdraw his plea and that there was a failure to impose an agreed upon two and one half year sentence which gave him no choice but to appeal. As appellee correctly argues, not only has appellant failed to offer any evidence or authority to support his allegations, but the allegations are not reasons for his failure to perfect a timely appeal.

{¶15} Thus, appellant's pro se motion for leave to file a delayed appeal is hereby overruled, and the appeal is hereby dismissed.


DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


3

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶16} I respectfully dissent with the majority's position denying appellant's motion for a delayed appeal based on my dissenting opinions in similar matters involving App.R. 5(A). *State v. Christopher*, 11th Dist. Portage Nos. 2013-P-0003, 2013-P-0004, and 2013-P-0005, 2013-Ohio-1946, ¶14-22; *State v. Grant*, 11th Dist. Lake No. 2013-L-101, 2014-Ohio-5378, ¶16-25; *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772, ¶16-25; *State v. Funk*, 11th Dist. Lake No. 2014-L-094, 2015-Ohio-813, ¶16-24.