[Cite as *State v. Meardith*, 2016-Ohio-7846.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2016-T-0084** |
| - vs - | : | |
| TYLER MEARDITH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2014 CR 00568.

Judgment: Appeal dismissed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Tyler Meardith, pro se,* PID: A673-770, Trumbull Correctional Institution, P.O. Box 901, 5701 Burnett Road, Leavittsburg, OH 44430-0901 (Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} This matter is before this court on the pro se motion for leave of appellant, Tyler Meardith, to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal in the trial court on August 26, 2016. Appellant appeals from the trial court's entry of October 5, 2015, sentencing him to serve an aggregate prison term of 18 years after he entered a plea of guilty to complicity to

involuntary manslaughter, complicity to aggravated burglary, complicity to felonious assault, and complicity to aggravated robbery. All included firearm specifications.

{¶2} A timely notice of appeal from the entry was due no later than November 4, 2015, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by over nine months.

{¶3} On August 29, 2016, appellee, the state of Ohio, filed a motion to deny appellant leave to appeal.

{¶4} App.R. 4(A)(1) states in relevant part:

{¶5} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶6} App.R. 5(A) provides:

{¶7} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶8} "(a) Criminal proceedings;

{¶9} "(b) Delinquency proceedings; and

{¶10} "(c) Serious youthful offender proceedings.

{¶11} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶12} In the motion, appellant asserts that he was not notified of his right to appeal and that he had only 30 days to file a timely notice of appeal as his reason for the delay in filing a timely appeal.

{¶13} However, as appellee argues in its motion to deny leave, page eight of appellant's July 1, 2015 signed guilty plea states: "My attorney has advised me that I may only be able to appeal the imposition of a maximum sentence or other procedural issues regarding this plea. I also understand my other limited appellate rights that have been explained to me by the Court, and that I must file an appeal within thirty (30) days of my sentence."

{¶14} Appellant's reason for filing an untimely appeal of not being told that he could appeal has been refuted by his signed guilty plea, which advised him of his limited appellate rights and time to appeal.

{¶15} Therefore, appellee's motion to deny appellant's motion for leave is granted. Appellant's pro se motion for leave is denied, and the appeal is dismissed.

{¶16} Appeal dismissed.


TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶17} I respectfully dissent with the majority's position denying appellant's motion for a delayed appeal based on my dissenting opinions in similar matters involving App.R. 5(A). *State v. Christopher*, 11th Dist. Portage Nos. 2013-P-0003,

3

2013-P-0004, and 2013-P-0005, 2013-Ohio-1946, ¶14-22; *State v. Grant*, 11th Dist. Lake No. 2013-L-101, 2014-Ohio-5378, ¶16-25; *State v. Gibbs*, 11th Dist. Geauga No. 2014-G-3201, 2014-Ohio-5772, ¶16-25; *State v. Funk*, 11th Dist. Lake No. 2014-L-094, 2015-Ohio-813, ¶16-24.